OPINION JUDGMENT ENTRY
{¶ 1} On May 14, 2003, appellant, Ronald Ingalls, was charged with reckless operation-disregard for safety in violation of R.C.4511.20, driving left of center in violation of R.C. 4511.29 and failure to comply with an order or signal of a police officer in violation of R.C. 2921.331.
 {¶ 2} On July 18, 2003, the trial court filed a hearing notice, setting a trial for July 29, 2003. On July 24, 2003, appellant filed a request for a jury trial. By entry and order filed July 27, 2003, the trial court denied appellant's jury demand, finding it was untimely made.
 {¶ 3} A bench trial commenced on July 29, 2003. The trial court found appellant guilty of driving left of center and failure to comply with an order or signal of a police officer. The trial court found appellant not guilty of the remaining charge. The trial court sentenced appellant to six months in jail, suspended, and ordered him to pay fines and costs totaling $334.00.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "Appellant was denied his constitutional right to have a jury of his peers hear his case as guaranteed under the sixth andfourteenth amendments to the united states constitution and Sections 5 and 10, Article 1 of the Ohio constitution."
 {¶ 6} Preliminarily, the state raises the issue of mootness of the appeal because appellant paid his fines and costs. In support, the state cites the case of State v. Wilson (1975), 41 Ohio St.2d 236, wherein the Supreme Court of Ohio held the following at syllabus:
 {¶ 7} "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."
 {¶ 8} We note this case is limited to misdemeanor cases only.
 {¶ 9} Appellant was convicted of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331. The trial court assessed two points against appellant's driver's license as a result of the conviction. See, Entry and Order filed August 25, 2003.
 {¶ 10} We find the imposition of two points on one's driver's license to be a "collateral" legal consequence as set forth in Wilson. We find the issue raised sub judice was not rendered moot by appellant's payment of the fines and costs.
 I {¶ 11} Appellant claims the trial court erred in finding his jury demand was untimely filed. We agree.
 {¶ 12} The dates sub judice are not in dispute. On July 17, 2003, the trial court, via telephone conference with defense counsel, set a trial date for July 29, 2003. Appellee's Brief at 3. The trial court memorialized this date via hearing notice dated July 17, 2003 and filed on July 18, 2003. Defense counsel received the judgment entry on July 21, 2003, and filed a jury demand on July 24, 2003.
 {¶ 13} Crim.R. 23(A) governs trial by jury and states the following in pertinent part:
 {¶ 14} "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later."
 {¶ 15} The gravamen of the issue in this case is whether "receipt of notice" was the actual receipt of the hearing notice or the telephone conversation wherein the trial court informed defense counsel of the trial date.
 {¶ 16} Upon review, we conclude "receipt of notice" was when defense counsel was served with the hearing notice on July 21, 2003. We find this by examining the criminal rules of procedure; in particular, Crim.R. 45 which sets forth the method of computing time and Crim.R. 49 which delineates service. Pursuant to Crim.R. 49(A), written notices "shall be served." Crim.R. 49(B) governs service, how made and states, "Whenever under these rules or by court order service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made in the manner provided in Civil Rule 5(B)."
 {¶ 17} Civ.R. 5(B) states, "Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court."
 {¶ 18} Further, as the agreed facts indicate, the trial date was set during a pretrial conference. Pursuant to Crim.R. 17.1, a trial court "shall prepare and file a memorandum of the matters agreed upon." Therefore, the hearing notice of July 18, 2003 was in fact such a memorandum and its service must comport to Civ.R. 5. Because defense counsel was not present during the July 17, 2003 pretrial and the memorialization of the pretrial, the effective date for the running of the three days after receipt of notice was July 24, 2003. Appellant's demand for a jury trial was timely filed.
 {¶ 19} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby reversed and remanded.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio is reversed and remanded to said court for further proceedings consistent with the opinion.