---

IN RE S.J.K.

[Cite as *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621.]

(Nos. 2006–0673 and 2006–0798—Submitted February 28, 2007—Decided June 13, 2007.)

LUNDBERG STRATTON, J.

{¶ 1} We must determine whether the imposition of points against a traffic offender's driving record and the effect of the points on the driver's insurability constitute a "collateral disability" so as to preserve the justiciability of an appeal even after the traffic offender has satisfied the judgment.

{¶ 2} For the reasons that follow, we hold that the imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment.

{¶ 3} On August 17, 2004, appellant, S.J.K., a minor, was cited for reckless operation of a motor vehicle in violation of R.C. 4511.20. Prior to trial, S.J.K. moved to dismiss on grounds that his right to a speedy trial had been violated. After several continuances, the case was tried before a magistrate on February 24 and 25, 2005. The magistrate denied S.J.K.'s speedy-trial motion, concluded that S.J.K. was a juvenile traffic offender by virtue of his reckless operation, and ordered him to pay a fine of $20 and $62 in court costs. The record reflects that S.J.K. paid the fine and costs on February 28, 2005.

{¶ 4} S.J.K. then filed objections. The court overruled them, adopted the magistrate's decision, and entered judgment on May 4, 2005.

{¶ 5} S.J.K. appealed. The state filed a motion to dismiss the appeal as moot because the appellant had already satisfied the judgment. S.J.K. opposed the motion, arguing that he continued to suffer adverse consequences as a result of the judgment—specifically, the assessment of points against his driving record, which may result in higher insurance premiums or jeopardize his ability to obtain insurance at all. The court of appeals acknowledged that S.J.K. had been assessed four points for the violation; however, the court concluded that the assessment was not a collateral disability. There was no evidence that the points jeopardized or impaired S.J.K.'s driving privileges. The appellate court dismissed the appeal as moot because S.J.K. had failed to demonstrate any collateral disability or loss of civil rights arising from his adjudication as a juvenile traffic offender.

{¶ 6} The court of appeals certified that its opinion in this case was in conflict with the judgments of the Fourth, Fifth, Seventh, and Eighth District Courts of Appeals in *State v. Ingalls*, Stark App. No. 2003CA00311, 2004-Ohio-3441, 2004 WL 1465746; *Cleveland v. Jennings* (Feb. 17, 2000), Cuyahoga App. No. 76810, 2000 WL 193253; *Westlake v. Connole* (Sept. 2, 1999), Cuyahoga App. Nos. 74727 and 74910, 1999 WL 685606; *State v. Brown* (Sept. 26, 1991), Mahoning App. No. 90 C.A. 107, 1991 WL 192140; and *State v. Simmons* (Dec. 26, 1989), Pickaway App. No. 88CA8, 1989 WL 159030.

{¶ 7} We granted jurisdiction by accepting a discretionary appeal and by determining that a conflict exists over the following question:

{¶ 8} "Whether an assessment of points against a traffic offender's record qualifies as a 'collateral disability' or a 'loss of civil rights stemming from [the] conviction' sufficient to demonstrate that the traffic offender continues to have a 'substantial stake in the judgment of conviction' even after paying the fines and costs also levied in the judgment of conviction."

{¶ 9} In *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus, we held that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." Once a sentence is served, any appeal is moot because there is no subject matter for the court to decide. *St. Pierre v. United States* (1943), 319 U.S. 41, 42, 63 S.Ct. 910, 87 L.Ed. 1199. S.J.K. has the burden of establishing that his appeal is not moot. *Wilson; State v. Golston* (1994), 71 Ohio St.3d 224, 226, 643 N.E.2d 109. Under the disjunctive test in *Wilson*, he must offer evidence of either "some collateral disability" or "loss of civil rights" from the judgment or conviction. Id. at syllabus.

{¶ 10} S.J.K. does not allege a loss of his civil rights. He contends that the imposition of points on his driver's license is a collateral disability because points affect his driving record and they, in turn, will affect his insurability and the cost of insurance in the future. A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served. See *Pollard v. United States* (1957), 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393. For example, a person may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied. *St. Pierre*, 319 U.S. at 43, 63 S.Ct. 910, 87 L.Ed. 1199.

{¶ 11} The state concedes that the court assessed four points on S.J.K.'s driving record. See R.C. 4510.036(C)(10). However, the state argues that the appellate court correctly held that points are not a collateral disability, because there is no evidence that they have jeopardized S.J.K.'s driving privileges, and any effect on insurance is speculation.

{¶ 12} The conflicting appellate districts reached the opposite conclusion. In *State v. Ingalls*, Stark App. No. 2003CA00311, 2004-Ohio-3441, 2004 WL 1465746, the Fifth District Court of Appeals concluded that the imposition of two points on the defendant's driving record as a result of being convicted of failure to comply with an order or signal of a police officer was a collateral legal consequence within the meaning of *Wilson*. Thus, Ingalls's appeal was not moot even though he had paid the fine and costs associated with the judgment. Id. at ¶ 10. In

*State v. Brown* (Sept. 26, 1991), Mahoning App. No. 90 C.A. 107, 1991 WL 192140, the Seventh District Court of Appeals concluded that the points charged against a person's driving record for a conviction, as well as the resultant increase in insurance premiums, are a substantial burden.

{¶ 13} We agree with these appellate districts on this issue. Courts are required to assess points for violations pursuant to a statutorily imposed formula based upon the type of traffic offense committed. R.C. 4510.036(C). The Bureau of Motor Vehicles maintains a record of the points assessed on a person's driver's license. R.C. 4510.036(A). Depending upon the existing number of points on a person's driving record, an additional four points may even result in the suspension of a person's driver's license when 12 or more points are accumulated within a two-year period. R.C. 4510.037(B). The points may also increase the severity of future penalties, raise insurance rates, or impair the ability to obtain insurance. Thus, the imposition of points is a penalty that constitutes a collateral disability flowing from a conviction for a traffic offense.

{¶ 14} The state contends that any effect on S.J.K.'s ability to purchase insurance or an increase in premiums is speculative. However, a collateral disability need not have an immediate impact or impairment but may be something that occurs in the future. *Evitts v. Lucey* (1985), 469 U.S. 387, 391, 105 S.Ct. 830, 83 L.Ed.2d 821, fn. 4. It must be a consequence that is imposed on the basis of the challenged judgment. *Wilson*, 41 Ohio St.2d at 237, 70 O.O.2d 431, 325 N.E.2d 236. An appeal is moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction." Id. Therefore, we hold that the imposition of points is a statutorily imposed penalty sufficient to create a collateral disability.

{¶ 15} The appellate court relied in part on *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712. In *Berndt*, the defendant had pleaded guilty to a charge of OMVI. He voluntarily paid a fine and completed his sentence. The court of appeals proceeded to decide the merits of his appeal. We reversed the court of appeals' judgment on the basis that Berndt's appeal was moot. He had voluntarily completed his sentence, and the record contained no reference to a claim of collateral disability or loss of civil rights that would have preserved the justiciability of his claim. Id. at 4, 29 OBR 173, 504 N.E.2d 712.

{¶ 16} The dissenting opinion in *Berndt* suggested that a conviction of OMVI may impose sufficient collateral disabilities to meet the *Wilson* test. *Berndt*, 29 Ohio St.3d at 7, 29 OBR 173, 504 N.E.2d 712 (H. Brown, J., dissenting). The dissent noted that courts may take judicial notice of a statutory penalty imposed by the General Assembly such as the imposition of points. Id. The dissent also noted that points have negative implications on the offender's driving record, and the conviction has financial implications for insurance rates. Id. at fns. 4 and 5.

{¶ 17} We believe that the facts of this case are more closely aligned with the *Berndt* dissent's reasoning. It is undisputed that R.C. 4510.036(C) imposed four points on S.J.K.'s permanent driving record. Unlike the defendant in *Berndt*, S.J.K. raised the issue of the collateral disability of points and their adverse effect on his driving record in his brief in opposition to the state's motion to dismiss his appeal. *State v. Wilson* appears to require that the offender offer evidence of the collateral disability but did not articulate when during the proceedings the evidence becomes relevant. S.J.K. contends that he had no opportunity to present any evidence. We agree. The appellate court did not ask the parties to brief the issue or to present evidence. Nevertheless, the appellate court ultimately decided against the existence of a collateral disability and dismissed S.J.K.'s appeal.

{¶ 18} We are convinced that S.J.K. adequately presented an argument of his collateral disability, and the state agrees that S.J.K. was assessed points on his driving record. The points constitute a penalty that is collateral to his conviction. It survives even though S.J.K. paid his fine and court costs and is sufficient to preserve the justiciability of his appeal. Therefore, we reverse the judgment of the court of appeals and remand for further proceedings.

Judgment reversed.

MOYER, C.J., PFEIFER, BROWN and O'DONNELL, JJ., concur.

LANZINGER and CUPP, JJ., dissent.

SUSAN BROWN, J., of the Tenth Appellate District, sitting for O'CONNOR, J.

---

**CUPP, J., dissenting.**

{¶ 19} I respectfully dissent. I would hold that the assessment of points on a traffic offender's record does not constitute a collateral disability, unless the assessment of points results in the actual suspension of driving privileges.

{¶ 20} Black's Law Dictionary defines a "civil disability" as "[t]he condition of a person *who has had a legal right or privilege revoked* as a result of a criminal conviction." Black's (8th Ed.2004) 494. In this case, appellant has not had any legal right or privilege revoked by the imposition of the points on his driving record. Neither will an increase in insurance premiums have the effect of revoking his privilege to drive. Having a legal disability, by its nature, implies an inability to do something. On the facts of this case, and undoubtedly many others like it, the offender cannot demonstrate that he is currently unable to do that which he was permitted to do prior to the imposition of the points.

{¶ 21} Furthermore, the majority decision is not in accord with this court's decision in *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712. As in *Berndt*, any purported disability in this case has not been realized and,

indeed, may never be. If future violations and future impositions of points result in the suspension of appellant's driving privileges, then, at that point, he could be said to have a collateral disability. Yet "no such disability will exist if [appellant] remains within the confines of the law." Id. at 5, 29 OBR 173, 504 N.E.2d 712. The majority decision obviates this distinction.

{¶ 22} While there may well indeed be cases where the imposition of points on a traffic offender's record does result in a suspension of driving privileges, thereby creating a collateral disability sufficient to sustain the justiciability of an appeal, that is not this case here. Accordingly, I would affirm the judgment of the court of appeals.

LANZINGER, J., concurs in the foregoing opinion.

———————

S. David Worhatch, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.