JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Abbey Thomas Hicks ("defendant"), appeals pro se from her conviction and sentence in the Cleveland Municipal Court for violating a traffic control signal, a minor misdemeanor. For the reasons that follow, we affirm.
 {¶ 2} On September 7, 2006, at approximately 1:30 a.m., defendant was heading southbound on West Boulevard in Cleveland, Ohio. At the same time, Anthony Sessin ("Sessin"), a City of Cleveland EMS employee, was operating his vehicle in the westbound direction on Lorain Avenue in Cleveland, Ohio. The vehicles collided at the intersection, where a traffic control light was present. The EMS vehicle came to rest in a southbound direction on West Boulevard, while defendant's vehicle was facing westbound on Lorain Avenue.
 {¶ 3} Sessin testified that he had the green light and the right-of-way. Sessin further testified that defendant appeared confused and asked him if she had run the red light. Sessin reported the accident and police arrived at the scene. Officers Edrington and Masella also testified at trial and stated that defendant was cited for the accident and charged with various offenses. The trial proceeded solely on one charge of violating a traffic signal, since the City had dismissed the other charges.
 {¶ 4} When police arrived, the traffic light was functioning properly. According to Officer Edrington, defendant believed she was on East 30th and Central. He asked her to step out of her vehicle for safety reasons. Edrington administered various field sobriety tests and then arrested defendant. *Page 4 
 {¶ 5} Officer Masella of the Accident Investigation Unit of the Cleveland Police Department testified that the scene was consistent with a conclusion that defendant's vehicle hit Sessins' vehicle. Masella has training in accident reconstruction.
 {¶ 6} An alleged eyewitness also testified during the trial. First, the eyewitness stated he was at the southwestern corner of the intersection of West Boulevard and Lorain Avenue, heading east. Then said he was heading west, then reiterated he was heading east. The eyewitness then said he was on the north side of Lorain heading east. According to him, the EMS vehicle was in the turning lane and defendant hit the EMS vehicle. Sessin screamed to see if defendant was okay and then asked if anyone had witnessed the accident. Sessin took the eyewitness's name and number. The eyewitness denied telling Sessin that defendant had run the red light. The eyewitness believed defendant was heading in the same direction as him and that she had the right of way. However, he also admitted he was not paying attention to traffic and neither car was present when he pushed the button for the crosswalk signal. Specifically, he said, "neither of the two parties was in the vicinity as I was pushing the button and crossing the street. * * * [W]hoever had the — the way I crossed the street the first time her light was red. The second street that I was crossing her light was green because I went in an L. I went with the light."
 {¶ 7} On re-direct, the eyewitness stated he was on the northwest corner of the intersection. A CVS pharmacy is on the southeast corner, St. Ignatius is on the *Page 5 
southwest corner, and an unidentified building is on the northeast corner. The eyewitness stated he first crossed Lorain Avenue heading north towards the apartment building parking lot and then crossed another street.
 {¶ 8} The City presented rebuttal testimony from Sessin, who stated that the eyewitness told him defendant had the red light. Sessin indicated he placed this information into his report, which was not available at trial.
 {¶ 9} The City rested and defendant moved for acquittal.
 {¶ 10} In response to defendant's motion for acquittal, the City relied on the testimony of Sessin and the testifying police officers. The City further argued that the eyewitness was mistaken as to which direction the cars were heading at the time of the collision. The City maintained "on the northwest corner is the B.P. station, St. Ignatius church is on the southwest corner of the intersection. An apartment building is on the northeast section. CVS is on the southeast side. Lorain goes east to west. West Boulevard, north to south. [The eyewitness] puts both vehicles where — at least the EMS truck ended at the same location that the City's Exhibit puts the EMS final resting place, same location. Yet [the eyewitness] is putting the defendant's vehicle traveling in the opposite direction of what three other witnesses have testified to. [The eyewitness] puts the EMS truck traveling in a different direction than everybody else has testified to so far."
 {¶ 11} The trial court denied the motion for acquittal and defendant testified in her own defense. She maintained that the EMS vehicle hit her. She testified that *Page 6 
she left work at 11:30 p.m., shopped at a discount store until 12:30 a.m., and was headed to pick up her nephew at East 30th
and Central when the accident occurred. Defendant further testified that she was traveling eastbound on West Boulevard. The City inquired as to whether defendant was aware that West Boulevard runs north and south. Defendant continued to maintain a belief that she was traveling eastbound on West Boulevard at the time of the collision.
 {¶ 12} The court found the testimony of officers Masella and Edrington credible as well as the testimony of Sessin. The court indicated it "simply d[id] not believe the testimony of the defendant to be credible." Defendant was found guilty of the minor misdemeanor traffic offense, traffic control signal violation. The court imposed a $150 fine and court costs, gave the defendant credit for two days served in jail, thereby satisfying $100 of the fine. Defendant subsequently paid the fine.
 {¶ 13} The City has filed a motion to dismiss in this Court, which defendant opposed, claiming that she has suffered collateral legal disability as a result of her conviction. Specifically, defendant maintains she was assessed points on her drivers' license. Under recent Ohio Supreme Court authority, this is sufficient to overcome the City's motion to dismiss. In re S.K., 114 Ohio St.3d 23, 2007-Ohio-2621, syllabus ("The imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has *Page 7 
voluntarily satisfied the judgment"). Therefore, the City's motion to dismiss is denied.
 {¶ 14} Defendant has raised three assignments of error for our review.
 {¶ 15} "I. That the evidence as presented in open court is so convoluted that only due to the prejudice/bias of the court was the plaintiff convicted. The conviction is against the manifest weight of the evidence."
 {¶ 16} Here, defendant contends that her conviction was against the manifest weight of the evidence.
 {¶ 17} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 18} Defendant's conviction for violating a traffic control signal is supported by competent, credible evidence in the record and is not against the weight of it. See, e.g., City of Cleveland v. Berkesch (Nov. 14, 1991), Cuyahoga App. No. 59324 (conviction for failing to stop for a traffic light supported by evidence of officer's testimony that defendant ran the light despite defendant's claim he did not); see also,City of Cleveland v. Kozloski (March 28, 1991), Cuyahoga App. No. 58167 (verdict supported by weight of the evidence where trial judge chose to accept the *Page 8 
City's version of the evidence and concluded that defendant was guilty of violating the traffic control signal as charged); City of Clevelandv. Black (Jan. 31, 1985), Cuyahoga App. No. 48351 (officer's testimony sufficient to sustain conviction for failing to stop for a red traffic light).
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} "II. That the defendant/appellant is entitled to counsel and competent counsel and that the presentation by her attorney Stanley Tolliver was so inept that she was in fact denied competent counsel to which she is entitled as a matter of law and within her constitutional rights."
 {¶ 21} To establish a claim of ineffective assistance of counsel, defendant must show two components: (1) `"that counsel's performance was deficient'" and (2) `"that the deficient performance prejudiced the defense.'" State v. Kole, 92 Ohio St.3d 303, 2001-Ohio-191, quotingStrickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, appellate review of counsel's performance must be highly deferential. Id. There is a strong presumption that counsel's performance constituted reasonable assistance. State v. Foust,105 Ohio St.3d 137, 151, 2004-Ohio-7006, ¶ 79.
 {¶ 22} Under this assignment of error, defendant complains her counsel was ineffective because the trial court did not sustain his objections to the testimony of Officer Masella because she claims he did not make a "Rule 29 Motion" at the close *Page 9 
of the City's case-in-chief, and because he did not ask officers Masella and Edrington "did you see who ran the light?"
 {¶ 23} Counsel is not ineffective for raising objections that the trial court overrules. It is solely within the court's province to grant or deny an objection; counsel has no ability to alter that discretion beyond protecting the issue for appeal and review by a higher court. By raising the objections, counsel preserved the issues for review on appeal.
 {¶ 24} The record clearly reflects that trial counsel moved for acquittal pursuant to Crim.R. 29 at the close of the City's case-in-chief.
 {¶ 25} Finally, counsel is not ineffective for not asking the specified question. It is clear from the officers' testimony that they were not present at the time of the collision. Accordingly, any question concerning whether they witnessed the accident would be superfluous and would not have altered the evidence whatsoever. Defendant has failed to establish either that counsel's performance was deficient or that she was prejudiced by it.
 {¶ 26} Assignment of Error II is overruled.
 {¶ 27} "III. That the actions of the trial court were so biased, discriminatory and/or unfair that they breached the standard of fair trial to which the defendant/appellant was entitled. These actions of Judge Angela Stokes represented an abuse of discretion including the resulting conviction of the defendant/appellant." *Page 10 
 {¶ 28} The essence of defendant's arguments under this assigned error are that the trial court erred by not obtaining a jury waiver. However, the law clearly provides that the right to trial by jury does not apply to a violation that is a minor misdemeanor. R.C. 2945.17(B)(1). This matter proceeded to trial on one charge of violating a traffic control signal in violation of City of Cleveland Ordinance 413.03. A violation of the City traffic laws is a minor misdemeanor pursuant to Cleveland Ordinance 403.99.
 {¶ 29} Defendant also takes exception to Sessins' testimony as being an interested witness. However, there was no error in allowing Sessin to testify. Further, he was permitted to testify as to what defendant said to him at the scene of the accident where she reportedly asked him if she had run the red light. Such testimony would be admissible evidence as an excited utterance, if not, as an admission of a party opponent.
 {¶ 30} As to the hearsay concerning the testimony of the eyewitness, the court heard the eyewitness's testimony. Any error in admitting hearsay testimony concerning this person's alleged out-of-court statements was harmless in this bench trial. There is no evidence the court ignored the testimony of the eyewitness as alleged by defendant. The court explicitly stated that it found the testimony of the officers and Sessin credible but not defendant's.
 {¶ 31} Assignment of Error II is overruled.
 Judgment affirmed. *Page 11 
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1