JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Anthony McGee appeals from his conviction for the crime of sexual imposition after a trial to the bench.
 {¶ 2} McGee presents two assignments of error, claiming his conviction is based upon insufficient evidence and is not sustained by the manifest weight of the evidence. Upon a review of the record, this court cannot agree with McGee's claims. Consequently, his conviction is affirmed.[1]
 {¶ 3} The victim C.R.[2], gave the following account of the incident which led to McGee's conviction.
 {¶ 4} On the morning of May 31, 2007, C.R. walked her three-year-old son from their house on East 108th Street near Union Avenue in Cleveland, where they lived with C.R.'s grandmother, to his school, which was located approximately fifteen minutes away on East 116th Street. As she retraced her *Page 4 
route, she received the offer of a ride from a man driving a gold-colored Ford Focus, "like station wagon."[3] She declined the man's offer.
 {¶ 5} A minute or two later, the same man, whom C.R. identified as McGee, stopped his car near her as she walked and asked her for directions. C.R. continued on her way without answering.
 {¶ 6} By the time she reached the corner of Kinsman Road, C.R. observed the same car in the parking lot of the drug store located near there; McGee was just entering the driver's seat. She watched as he "turned out of Rite Aid and onto Kinsman and made a quick right back on 116th [Street] heading toward Union [Avenue]."
 {¶ 7} After crossing Kinsman Road, C.R. turned west onto Regalia Avenue to continue toward her grandmother's house. One car passed her, then she noticed the gold Focus drive by on Regalia; at that point, she quickened her pace. McGee "turned down the street in front of [her] onto East 112[th]. Parked his car. Got out.***He said [to me], dang, you walk fast, [and acted] as if he was going to someone's house."
 {¶ 8} C.R. crossed the street to the other side, but, within a few moments, she heard "footsteps running up behind" her, and turned to find McGee in *Page 5 
pursuit. At her facial expression, McGee stated, "[W]hoa, whoa, calm down, I'm not going to do anything to you. I just want to talk to you."
 {¶ 9} C.R. quickly turned back toward East 108th Street and continued walking, but McGee remained next to her, asking for her name. As he tried to engage her in conversation, his right arm "brushed" her "left butt cheek." C.R. attempted to deflect his question, "and the next thing [she knew,] his left arm reached across in front of him***to [her] and he cuffed (sic) [her] vagina" area on top of her sweatpants. Immediately, C.R. "screamed," causing McGee to flee.
 {¶ 10} C.R. used her cellular telephone to call 911 to report the incident; she described her attacker to the dispatcher who answered the call. Nevertheless, C.R. reached her destination before the call could be put through to the police. By the time an officer responded to her home, C.R. was unable to make a complete report of the incident since she lacked any means to further identify her assailant.
 {¶ 11} Approximately three weeks later, however, she crossed paths with McGee in a neighborhood grocery store. She identified him to the security guard there, who summoned the police.
 {¶ 12} The case was assigned to Det. James McPike. He constructed a photographic array of suspects; when he showed it to C.R., she chose McGee's picture as the man who accosted her on May 31, 2007. *Page 6 
 {¶ 13} McGee subsequently was indicted on one count of gross sexual imposition. He waived his right to a jury trial and, thus, the trial court heard the evidence. After the state presented its case, McGee presented two witnesses who testified he was at his own home at the time of the incident; therefore, he could not have been C.R.'s assailant.
 {¶ 14} While the trial court denied McGee's motions for acquittal, it ultimately determined he was not guilty of gross sexual imposition, but guilty of the lesser included offense of sexual imposition. It sentenced McGee to a year of community control sanctions, and, on the record, declared him to be a "Tier I Sex Offender."[4]
 {¶ 15} McGee appeals his conviction with the following two assignments of error.
 "I. The State failed to present sufficient evidence to sustain a conviction against Appellant for sexual imposition where the victim's testimony is unsupported by other evidence although the statute requires corroboration.
 "Appellant's conviction is against the manifest weight of the evidence." *Page 7 
 {¶ 16} McGee argues that the trial court erred in denying his motions for acquittal on the basis that the state's evidence did not satisfy the requirement set forth in R.C. 2907.06(B). He further argues that since the court determined he was not guilty of the offense charged, his conviction of the lesser included offense, too, is unsupported by the weight of the evidence presented at trial.
 {¶ 17} A defendant's motion for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crimes has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 18} The test to be applied when reviewing a claim that a conviction is against the manifest weight of the evidence was set forth inState v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, citing State v.Martin, supra. The test is "much broader" than the test for sufficiency; i.e., this court reviews the entire record to determine whether in resolving any conflicts in the evidence, the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., at 175. *Page 8 
 {¶ 19} Moreover, this court must remain mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier-of-fact to assess. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 20} McGee was convicted of violating R.C. 2907.06(A)(1), which, in pertinent part, forbids sexual contact with another when the "offender knows that the sexual contact is offensive to the other person,***or is reckless in that regard[.]" Pursuant to subsection (B), "No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." (Emphasis added.) The corroboration requirement is a threshold inquiry of legal sufficiency, rather than a question of proof. State v. Economo, 76 Ohio St.3d 56, 60,1996-Ohio-426.
 {¶ 21} Although McGee claims the trial court found him guilty in derogation of R.C. 2907.06(B), the record does not support his claim. The trial court noted that in finding McGee committed the offense, it "reviewed the 911 tape,***actually made at 10:02 in the morning***." This piece of evidence, together with the "opportunity to judge the credibility of the victim," led the court to "find[] her testimony to be believable," and to determine that the state met its burden of proof with respect to the lesser included offense. *Page 9 
 {¶ 22} The tape demonstrates that C.R. called 911 in agitation on the morning of May 31, 2007 to report that after she dropped her son off at school, she had been followed while walking home and inappropriately touched by a "black" man with a "dark" complexion and a "close trimmed" beard. C.R. further described the man as having a "gold" but "open" front tooth and that he drove a "champagne" colored Focus which was like a "station wagon."
 {¶ 23} C.R.'s testimony additionally was corroborated by McGee's own admissions; he acknowledged to McPike that he drove a gold-colored Ford Focus hatchback, and that he lived near the area where the incident occurred. C.R.'s grandmother remembered that C.R. came home that morning "beating on the door" for access, "crying" and "hysterical" because somebody had touched her inappropriately. State v. Green, Montgomery App. No. 21063, 2005-Ohio-6671, ¶ 4.
 {¶ 24} The trial court, therefore, correctly determined that C.R.'s testimony during trial had been corroborated. Consequently, despite McGee's claim to the contrary, the court did not err in denying McGee's motions for acquittal. State v. Collins, Cuyahoga App. No. 82200, 2003-Ohio-4817, ¶ 15.
 {¶ 25} McGee's claim that his conviction is inconsistent with the evidence is similarly unpersuasive. C.R.'s description of the incident was supported by the 911 tape, her grandmother's recollection of C.R.'s demeanor, and by her *Page 10 
unhesitating identification of McGee as the man who had accosted her on the morning of May 31, 2007.
 {¶ 26} McGee's witnesses, on the other hand, provided testimony that seemed contrived. His fiancee happened to have a detailed calendar from which she deduced she called him at home on May 31, 2007 at 10:00 a.m. to check on whether any of her children gave him any problems. His fiancee's daughter remembered she had to wake him to give him the telephone; she claimed that although McGee had just arrived home from dropping off the children at school, he already was asleep.
 {¶ 27} From the evidence presented, the trial court acted within its prerogative to find C.R.'s description of the incident to be credible. Therefore, this court cannot find that McGee's conviction is against the manifest weight of the evidence. State v. Green, supra.
 {¶ 28} McGee's assignments of error, accordingly, are overruled.
 {¶ 29} His conviction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 11 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR
[1] Although McGee was convicted of a misdemeanor offense, sentenced to only a year of probation without the imposition of either fines, costs, or fees, and the record reflects he never filed a motion to stay execution of his sentence, his appeal is not moot pursuant to State v.Berndt (1987), 29 Ohio St.3d 3, because it was scheduled for oral argument within the time of his one-year probationary period, and because he was convicted of a sexually oriented offense, which necessarily involves a "collateral disability." State v. Golston,71 Ohio St.3d 224, 1994-Ohio-109; cf., In re: S.J.K., 114 Ohio St.3d 23,2007-Ohio-2621.
[2] It is this court's policy to refer to the victim of a sexual offense by only his or her initials.
[3] Quotes indicate testimony presented at trial.
[4] The docket of the court's journal entries, however, contains nothing which reflects this designation. *Page 1