[Cite as *Cleveland v. Rini*, 2014-Ohio-3328.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100866

---

## CITY OF CLEVELAND

### PLAINTIFF-APPELLEE

vs.

## RAEMARIE C. RINI

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 TRD 071577

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 31, 2014

**FOR APPELLANT**

Raemarie C. Rini, pro se
7216 Brookside Road
Independence, OH    44131


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland
By: Victor R. Perez
Assistant City Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Raemarie C. Rini appeals the decision of the Cleveland Municipal Court that found her guilty of violating Cleveland Codified Ordinance ("CCO") 403.02(a). For the reasons stated herein, we reverse the judgment of the trial court and remand the matter for the conviction to be vacated.

{¶2} Appellant was issued a citation on November 24, 2013, for violating CCO 403.02(a), which provides: "a) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Appellant entered a plea of not guilty.

{¶3} The case proceeded to trial on December 16, 2013. The state called Officer Charles Lipscomb to testify. Officer Lipscomb testified that on November 24, 2013, he was on patrol at the stadium at the Cleveland Browns game and was flagged down by another officer. He observed Officer Johnson conferring with a female on the side of West 3rd Street and the Route 2 ramp. Because Officer Johnson was directing traffic, Officer Lipscomb spoke to appellant and issued her a citation for failure to comply with the order of the officer who was telling her to stop. Appellant informed Officer Lipscomb that she did not hear or see Officer Johnson, or realize that Officer Johnson was pulling pedestrian traffic off the ramp, and that there was a "walk" signal at the time she was walking across the street. Officer Lipscomb conceded he had not given any

orders to appellant and that appellant complied with his requests for identification and to sign the citation he issued. Officer Johnson did not testify in the matter.

{¶4} The trial court found appellant guilty, imposed a $25 fine and court costs. Appellant was also assessed two traffic points. She timely appealed to this court.

{¶5} Initially, we find that although appellant paid the fine and costs associated with the judgment, the imposition of points is a collateral disability that is sufficient to preserve the justiciability of an appeal. *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 18.

{¶6} Appellant raises two assignments of error, under which she claims (1) the city of Cleveland failed to introduce sufficient evidence to sustain a conviction under CCO 403.02(a), and (2) Officer Lipscomb's testimony about the subjective observations of Officer Johnson was in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution. We find merit to both assignments of error.

{¶7} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶8} In the case at bar, the officer who allegedly observed the violation did not testify at trial.  In order to establish the factual basis of the crime, the state offered testimony, via Officer Lipscomb, to prove appellant failed to comply with a lawful order of a police officer.  However, Officer Lipscomb did not witness a violation, and he testified that appellant complied with his orders.  Officer Lipscomb wrote the citation based on the information he learned from Officer Johnson.

{¶9} It is a violation of the Confrontation Clause to admit testimonial statements of a witness who does not appear at trial unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination.  *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).  Officer Lipscomb lacked any firsthand knowledge of the alleged violation, and his testimony relating to the observations of Officer Johnson was barred by the operation of the Confrontation Clause.  The trial court erroneously permitted this testimony at trial.

{¶10} Additionally, the only information Officer Lipscomb learned from appellant was that she did not hear or see Officer Johnson, or realize that he was pulling pedestrian traffic off the ramp, and that she had a "walk" signal as she was crossing the street.  The city did not present testimony from Officer Johnson to establish a lawful order from a police officer was given or appellant's failure to comply therewith.

{¶11} On this record, we conclude there is insufficient evidence to support the conviction for failing to comply with the lawful order of a police officer in violation of

CCO 403.02(a).   Appellant's two assignments of error are sustained, and we reverse her conviction.

{¶12} The judgment is reversed, and the case is remanded to the trial court to vacate the conviction.   The trial court shall also order reimbursement of the fine paid and the removal of the points assessed to appellant's driving record.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR