[Cite as *State v. Muwwakkil*, 2018-Ohio-4443.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-37 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-0603 |
| | : | |
| FAHEEM R. MUWWAKKIL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

KRISTA GIESKE, Atty. Reg. No. 0080141, 810 Sycamore Street, 3rd Floor, Cincinnati, Ohio 45202
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Faheem Muwwakkil appeals from a judgment of the Clark County Court of Common Pleas denying his motion for jail-time credit. For the reasons that follow, we dismiss the appeal as moot.

## I. Facts and Procedural History

{¶ 2} In 2015, Muwwakkil, following a plea of guilty, was convicted of one count of felony domestic violence. He was sentenced to five years of community control sanctions. In October 2017, Muwwakkil's probation officer filed an affidavit alleging three violations of the terms of the community control conditions. A capias for Muwwakkil's arrest was issued following his failure to appear for a hearing on the alleged violations. He was arrested and jailed on January 29, 2018. On February 23, 2018, a hearing was conducted at which time Muwwakkil admitted to all three violations. The following colloquy occurred at the end of the hearing:

Defense Counsel: Judge, Mr. Muwwakkil was asking me to ask the Court if this time he spent in jail since January the 29th applies toward the 180-day sanction

The Court: I don't think it does. I think if he had gone to prison, it would apply; but as an additional sanction, I don't think it does.

Defense Counsel: Thank you.

The Court: That's all for today.

{¶ 3} A judgment entry was filed on February 27, 2018, finding Muwwakkil guilty of violating the terms of his community control sanctions. In its entry, the trial court

continued the terms of the community sanctions and also sentenced Muwwakkil to serve 180 days in jail. On March 1, 2018, Muwwakkil filed a motion for 26 days of jail time credit from the time of his arrest on January 29 until the date of the hearing on February 23. On March 20, 2018, Muwwakkil filed a notice of appeal from the February 27 judgment. At that time, the motion for jail time credit had not been ruled upon. Muwwakkil did not seek a stay of the sentence with the trial court or with this court.

## II. Analysis

{¶ 4} Muwwakkil's sole assignment of error states as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD JAIL TIME CREDIT TO WHICH MUWWAKKIL WAS ENTITLED AND IN FAILING TO INCORPORATE SAID CREDIT INTO ITS SENTENCING ENTRY.

{¶ 5} Muwwakkil contends that the trial court should have awarded him jail-time credit for the period of time he spent in jail from the time of his arrest until the date of the hearing. He further claims that, even though he has served the entire sentence, the issue is not moot as it is an issue capable of repetition yet evading review.

{¶ 6} The doctrine of mootness is founded upon the "long and well established [premise] that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Courts have no duty "to decide purely academic or abstract questions." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910). Thus, a court "will not decide * * * cases in

which there is no longer any actual controversy." *Heartland of Urbana, OH, L.L.C. v. McHugh Fuller Law Group, P.L.L.C.*, 2d Dist. Champaign No. 2016-CA-3, 2016-Ohio-6959, ¶ 36, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37, quoting *Black's Law Dictionary* 1100 (9th Ed.2009).

{¶ 7} As a general rule, when a convicted defendant "has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. An offender suffers under a collateral disability when he "may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *Id.*

{¶ 8} However, "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal[,]" because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. The holding in *Golston* is inapplicable to cases in which the defendant merely challenges the length of the sentence because there is no effective remedy that can be applied absent a reversal of the underlying conviction. *State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, at ¶ 22; *State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 44-45; *State v. Jama*,

10th Dist. Franklin No. 17AP-569, 2018-Ohio-1274, ¶ 13. Therefore, once a defendant has completed a prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, 12 N.E.3d 433, ¶ 1-2.

{¶ 9} The trial court's community control violation determination was based upon an underlying felony conviction. However, the only aspect of his conviction that Muwwakkil attacks is the length of his local incarceration sentence, specifically, whether he was entitled to jail-time credit. However, as he has completed the disputed sentence, the issue is rendered moot.

{¶ 10} We recognize that the mootness doctrine does have limited exceptions that, when present, allow review. One such exception involves issues that are "capable of repetition, yet evading review." *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus. "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64, 741 N.E.2d 517 (2001), citing *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182, (2000).

{¶ 11} In this case, Muwwakkil does not make any argument to support his claim that the matter is capable of repetition yet evading review. In order for him to be subject to the exact same issue in the future, Muwwakkil would have to again (1) violate the terms of his community control, (2) fail to appear, (3) be arrested and jailed pending a hearing,

(4) be sentenced to another term of local incarceration without being afforded jail-time credit, and (5) fail to seek a stay of the jail term pending appeal. We cannot say that there exists a reasonable chance that the same sequence of events will occur again.

{¶ 12} We find that Muwwakkil's argument is not one for which relief can be granted. Accordingly, his appeal is dismissed as moot.

### III. Conclusion

{¶ 13} Muwwakkil's appeal is dismissed as moot.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Andrew P. Pickering
Krista Gieske
Hon. Richard J. O'Neill