[Cite as *State v. Bowman*, 2020-Ohio-6974.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio/City of Vermilion                    Court of Appeals No. E-19-016

      Appellee                                           Trial Court No. TRD 18-00058

v.

Ted Bowman                                         **DECISION AND JUDGMENT**

      Appellant                                          Decided:  December 30, 2020

* * * * *

Wayne R. Nicol, Vermilion Prosecuting Attorney, for appellee.

James Alexander, Jr. and Gary Cook, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant Ted Bowman appeals the April 2, 2018 decision of the Vermillion Municipal Court, which found appellant guilty of violating R.C. 4511.12.  Because sufficient evidence was presented, his conviction was not against the manifest weight of the evidence, and the trial court did not err in denying his motion for postconviction relief, we affirm.

{¶ 2} On January 7, 2018, appellant was traveling eastbound on the Ohio Turnpike when he was pulled over by highway patrol trooper Jacob Engle. The trooper testified that appellant was traveling in the far-left lane of the turnpike in a semitruck. Engle initiated his blue, white, and red flashing lights and pulled over appellant's vehicle. Engle initiated the stop because appellant was driving a truck in the left most lane of the turnpike despite signs which state that trucks, trailers, and slower traffic must use the right two lanes. Appellant was cited for a violation of R.C. 4511.12 for failure to abide by a traffic control device. Engle testified that he cited appellant because commercial vehicles and semitrucks are limited to the right two lanes of travel on three-lane freeways.

{¶ 3} At trial, appellant argued that Engle's vehicle was improperly marked because his vehicle displayed red, white, and blue lights rather than the required blue and white lights under R.C. 4513.17(D). Appellant argued that because trooper Engle's lights included red, his police cruiser was improperly marked and therefore the stop was impermissible. Appellant argued that the only permissible display of lights for public law enforcement officers is blue or a combination of blue and white. Engle testified that he was in his uniform when the interaction with appellant took place and the vehicle was otherwise properly marked as a law enforcement vehicle.

{¶ 4} On March 27, 2018, a bench trial was conducted where appellant was found guilty of the charge. Appellant was ordered to pay $60 and the costs of the proceedings. Originally, appellant refused to pay the fine because he would be subject to additional

2.

points on his license until he learned he could lose his commercial driver's license if he did not pay the costs and fine.

{¶ 5} On March 29, 2018, appellant filed a motion for reconsideration and/or petition to vacate or set aside judgment of conviction ("motion to reconsider"). The trial court denied this motion on August 14, 2018, because the trial court did not find that appellant demonstrated that he was discriminately selected for prosecution and that the trooper's vehicle was improperly marked.

{¶ 6} Appellant brings forth two assignments of error for our review:

1. The Appellant's conviction of Ohio Revised Code Section 4511.12 was based upon insufficient evidence and was otherwise against the sufficient and/or manifest weight of the evidence and not beyond a reasonable doubt contrary to Ohio law and the state and federal constitutions.

2. The trial court erred to the prejudice of the Appellant by denying his Motion for Reconsideration and/or Petition to Vacate or Set Aside Judgment of Conviction.

**Analysis**

**1. This appeal is not moot even though appellant paid the fines associated with the charge.**

{¶ 7} Appellee fails to address any of appellant's arguments in his brief but rather writes a short brief that argues that the appeal is moot because appellant paid the fine he was ordered to pay at the trial court level.

3.

{¶ 8} "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), paragraph one of the syllabus. However, "[t]he imposition of points on a traffic offender's driving records is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, paragraph one of the syllabus.

{¶ 9} Thus, despite appellant paying fines as ordered by the trial court, his appeal in this matter is not moot. Appellant was subject to the addition of two points onto his driving record for his conviction under R.C. 4511.12 and was subject to a collateral disability due to his conviction. Appellant's appeal is not moot because he was subject to the collateral disability of having points added to his driving record.

## 2. Appellant's convictions were not against the sufficiency of the evidence.

{¶ 10} "While sufficiency of the evidence examines whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *State v. Crawford*, 6th Dist. Lucas No. L-17-1296, 2019-Ohio-3123, ¶ 46, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. The appellate court must

4.

sit as the "thirteenth juror" and scrutinize the factfinder's resolution of the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 11} R.C. 4511.12(A) provides that "[n]o pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instruction of any traffic control device." The section further provides that the provision cannot be enforced against "an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." *Id*. Anyone who is found in violation of this section is guilty of a minor misdemeanor unless the person has been found guilty of a predicate motor vehicle or traffic offense. *Id*.

{¶ 12} A traffic control device "means a flagger, sign, signal, marking, or other device used to regulate, warn, or guide traffic, placed on, over, or adjacent to a street [or] highway * * *." R.C. 4511.01(QQ). "The purpose of [this section] 'is to promote uniformity and to [ensure] that traffic signs are installed under the same general standards and are able to be seen and recognized by the typical, ordinary observant driver.'" *State v. Jackson*, 2019-Ohio-4206, 134 N.E.3d 233, ¶ 13 (12th Dist.), quoting *Lyndhurst v. McGinness*, 138 Ohio App.3d 617, 620, 741 N.E.2d 976 (8th Dist.2000).

{¶ 13} Trooper Engle testified that appellant was driving on the Ohio Turnpike which contains signs which require trucks and slower traffic to use the right two lanes. Engle also testified that appellant was driving a commercial vehicle, specifically a semitruck, at the time Engle pulled him over. This is also reflected in the ticket appellant

5.

was given at the time and appellant does not dispute this fact. Engle also testified that appellant was driving in the left most lane on the turnpike when he was pulled over.

{¶ 14} Appellant argues that trooper Engle did not have properly colored lights on his vehicle because his vehicle had a combination of red, blue, and white lights. Appellant argues that by statute, an emergency vehicle may only either have blue and white lights or red and white lights. R.C. 4513.17(D) provides in pertinent part "except for a public law enforcement officer * * * [no one may display] a flashing blue or flashing combination blue and white light * * *." This section also prohibits any person except for a person operating a public safety vehicle from displaying a red light or a combination red and white light. *Id*.

{¶ 15} Despite appellant's contentions, the section clearly states that anyone except public enforcement officers are not permitted to have blue and white flashing lights on their vehicle. The section does not require public enforcement officers to have blue and white lights solely. The section's purpose is to reserve the combination of lights for those vehicles that concern public safety. Appellant's arguments about the legitimacy of the stop are unavailing.

{¶ 16} Therefore, there was sufficient evidence to support appellant's conviction as all of the elements of the charge were demonstrated by appellee.

### 3. Appellant's conviction was not against the manifest weight of the evidence.

{¶ 17} When reviewing an appellant's claim that a verdict is against the manifest weight of the evidence, an appellate court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury clearly

6.

lost its way in resolving evidentiary conflicts so as to create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Crawford*, 6th Dist. Lucas No. L-17-1296, 2019-Ohio-3123, ¶ 46. A conviction should be reversed on manifest weight grounds only in the most "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.2d 380, 387, 678 N.E.2d 541 (1997).

{¶ 18} We further find that the conviction was not against the manifest weight of the evidence. Appellee demonstrated that trooper Engle testified that appellant was driving in the left most lane of the turnpike which contains signs indicating that all trucks and slower traffic must use the right two lanes. Appellant was driving a semitruck at the time the traffic stop was initiated. Appellant admits that he was driving in said lane and did not dispute that these signs existed on the road he was traveling on.

{¶ 19} Therefore, appellant's first assignment of error is found not well-taken.

**4. The trial court did not err in denying appellant's motion for postconviction relief.**

{¶ 20} R.C. 2953.21 provides that any person who has been convicted of a criminal offense may file a motion for postconviction relief seeking to have their conviction vacated or set aside. Such a petition must be filed within 365 days after their conviction. *Id.*

{¶ 21} On July 12, 2018, appellant filed a motion for reconsideration and/or petition to vacate or set aside judgment of conviction in which appellant asked the trial court to vacate his conviction. Appellant argued that his conviction violated his constitutional rights because the prosecution was selective or retaliatory. He also argued

7.

that his conviction should have been vacated because the trooper vehicle was not in compliance with R.C. 4513.17(D), and therefore the trooper was not permitted to complete a stop of appellant.

{¶ 22} In response, appellee argued that the motion was untimely and the prosecution of this matter was not selective or retaliatory because 26 other people were charged with the same charge before the trial court.

{¶ 23} "Although a selective-prosecution claim is not a defense on the merits to the criminal charge itself, a defendant may raise it as an 'independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.'" *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 43, quoting *State v. Getsy*, 84 Ohio St.3d 180, 203, 702 N.E.2d 866 (1998).

> To support a claim of selective prosecution, " 'a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.' " *Id*. at ¶ 44, quoting *State v. Flynt*, 63 Ohio St.2d 132, 134, 407 N.E.2d 15 (1980).

{¶ 24} In response to appellant's motion, appellee presented evidence that more than 20 people in the same county had been charged under the same section in the year

8.

prior to appellant's ticket. Appellant failed to present any evidence that he was singled out for prosecution or that the allegedly discriminatory selection of him was invidious or in bad faith. Thus, appellant failed to meet his burden based on his allegations of selective prosecution.

{¶ 25} Appellant's argument surrounding the trooper's lights on his vehicle was similar to what he presented at trial. We must again find his arguments unavailing because the section he cites does not prohibit a law enforcement officer from having lights that are red, blue, and white, but rather prohibits anyone else from displaying blue and white lights. Appellant's second assignment of error is not well-taken.

{¶ 26} Therefore, we affirm the judgment of the Vermillion Municipal Court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.