CITY OF FAIRLAWN, Appellee,

v.

FORNEY, Appellant.

[Cite as *Fairlawn v. Forney* (1992), 82 Ohio App.3d 47.]

Court of Appeals of Ohio,
Summit County.

No. 15512.

Decided Sept. 2, 1992.

*Suzanne L. Stephens*, Assistant City Prosecutor, for appellee.

*Elbert Pringle*, for appellant.

CACIOPPO, Judge.

Defendant-appellant, Ann Marie Forney, appeals the trial court's affirmance of her conviction in the city of Fairlawn Mayor's Court. Forney asserts two assignments of error:

### Assignments of Error

"I. The municipal court committed reversible error by failure to conduct a trial *de novo* on receiving the appeal from the mayor's court.

"II. The judgment of the mayor's court is void *ab initio* because the city ordinance 432.37 'weaving' is constitutionally defective on it's [*sic*] face and as it is applied in the instant case.

"A. On it's [*sic*] face the ordinance is overbroad, vague and ambiguous;

"B. As applied the ordinance is a subterfuge, and/or a pretext."

Appellant was found guilty of a traffic offense in the city of Fairlawn Mayor's Court on August 22, 1991. Appellant filed her notice of appeal to the Akron Municipal Court on September 19, 1991, twenty-eight days after the mayor rendered judgment. R.C. 1905.22 authorizes an appeal from a mayor's court to a municipal court. R.C. 1905.23 requires that "[w]ithin ten days from the time a mayor renders judgment, the appellant shall file with the mayor's court a written notice of appeal * * *." Where the notice of appeal is not timely filed, the trial court lacks jurisdiction to hear the appeal. *Hamersville*

*v. Reque* (Jan. 27, 1992), Brown App. No. CA91–01–003, unreported, 1992 WL 12780.

■ In the cause at bar, appellant failed to file her notice of appeal within ten days after the mayor rendered judgment. Therefore, the trial court did not have jurisdiction to entertain Forney's appeal and the municipal court should have dismissed Forney's appeal from the mayor's court.

The judgment of the trial court is reversed and this cause is remanded to the trial court for dismissal.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and REECE, J., concur.