[Cite as *State v. Bixby*, **2017-Ohio-7927.**]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 16-TRD-13398 |
| | : | |
| LORI A. BIXBY | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 29th day of September, 2017.

. . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

LORI A. BIXBY, 1016 Curzon Circle, Troy, Ohio 45373
        Pro Se, Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Lori A. Bixby appeals pro se from the Clark County Municipal Court's entry dismissing as untimely her appeal from a speeding conviction in North Hampton Mayor's Court.

{¶ 2} The record reflects that a police officer in the Village of North Hampton cited Bixby for traveling 53 miles per hour in a 35 mile-per-hour zone. Bixby pled not guilty in the North Hampton Mayor's Court. On June 2, 2016, she was found guilty, fined $70, and ordered to pay court costs. She also had two points imposed on her driving record. Bixby satisfied the judgment that same day by paying the fine and court costs by check. (Doc. #9, 13, 23). On October 18, 2016, she appealed the Mayor's Court decision to the Clark County Municipal Court. The Municipal Court judge dismissed the appeal as untimely on November 3, 2016. (Doc. # 31). Bixby then appealed to this court on February 7, 2017. After issuing a show-cause order regarding untimeliness, we filed a May 23, 2017 decision and entry allowing Bixby's appeal to proceed.

{¶ 3} Although Bixby's appellate brief lacks assignments of error, she raises various issues related to the facts of her offense, her request for a warning from the officer involved, her belief that she was not speeding, and a purportedly "blurry" video of the incident. She also disputes sections of her speeding ticket indicating that the pavement was "wet," that traffic was "moderate," and that she was in a "residential" area. Bixby insists that "it was barely sprinkling" that traffic was "light," and that she was in a "business" area. With regard to the Municipal Court's finding that her appeal from the Mayor's Court was untimely, Bixby claims the Mayor's Court failed to inform her about her appellate rights.

{¶ 4} Upon review, we find Bixby's arguments to be unpersuasive. For present purposes, the crucial issue is the timeliness of her appeal from the Mayor's Court to the Municipal Court. On that issue, the Municipal Court correctly found her appeal to be untimely. In its entry, the Municipal Court reasoned:

> The defendant filed a Notice of Appeal with the North Hampton Mayor's Court. Mayor's Court Clerk Peggy Young dated the Notice of Appeal "10/18/16." [Footnote omitted]. Also included in the record of proceedings from the Mayor's Court is a printout of a September 15, 2016 e-mail from the defendant to the Village of North Hampton, in which the defendant states that she is appealing the Mayor's Court decision.
>
> Pursuant to Ohio Revised Code Section 1905.22, an appeal from a decision of the North Hampton Mayor's Court may be taken to the Clark County Municipal Court. To perfect the appeal, the appellant must file a written notice of appeal with the mayor's court within ten (10) days from the time the mayor's court renders judgment. R.C. 1905.23.
>
> The North Hampton Mayor's Court judgment was entered on June 2, 2016. The defendant-appellant filed her Notice of Appeal over four months later, on October 18, 2016. Even if the defendant's September 15, 2016 e-mail can be construed as a properly filed notice of appeal, that filing was over three months after the Mayor's Court judgment.
>
> The Court finds that the defendant-appellant's Notice of Appeal was not timely filed, and her appeal is dismissed.

(Doc. # 31).

**{¶ 5}** We see no error in the foregoing reasoning. Under R.C. 1905.23, Bixby was required to appeal from the North Hampton Mayor's Court's judgment within ten days. She filed her notice of appeal long after that time. Therefore, the Municipal Court lacked jurisdiction over the appeal.[1] *Fairlawn v. Forney*, 82 Ohio App.3d 47, 48, 610 N.E.2d 1193 (9th Dist.1992). Although Bixby contends the Mayor's Court failed to advise her of her appellate rights, we have found nothing in Ohio's Criminal Rules or Traffic Rules that requires a defendant convicted in a speeding case to be informed of her appellate rights. Ohio's Traffic Rules do not address the issue. To the extent that Ohio's Criminal Rules might apply, Crim.R. 32(B) only requires notice about the right to appeal in certain "serious offense" cases, which under Crim.R. 2(C) include felonies and misdemeanors with a penalty involving confinement for more than six months. Therefore, the Mayor's Court was not obligated to inform Bixby of her appellate rights. *Compare State v. Ward*, 2d Dist. Greene No. 85 CA 71, 1987 WL 8489, *2 (Mar. 27, 1987) ("[W]e agree with the State that Crim. R. 32(A)(2) [now Crim.R. 32(B)] does not require the court to advise a defendant of his appellate rights when the defendant has pled guilty to a petty offense.").

**{¶ 6}** We note too that Bixby's assertion about not being advised of her appellate rights is supported only by an apparent copy of an after-the-fact September 15, 2016 e-mail she sent to various North Hampton officials. (Doc. # 10). The Municipal Court record purports to contain a "transcript" of the Mayor's Court case, but it is essentially a procedural history. (Doc. #13). We have no transcript reflecting what occurred in the

---

[1] In her reply brief, Bixby asserts that the State filed its answer brief herein after the prescribed 20-day time limit. Unlike the time limit for filing a notice of appeal, however, the time for filing a brief is not jurisdictional and does not affect the question of whether the notice of appeal was filed in time.

Mayor's Court on June 2, 2016. Absent such a record, we would be required to presume regularity of the court proceedings even if the Mayor's Court were required to advise Bixby of her appellate rights.

{¶ 7} Finally, the State argues that Bixby's appeal is moot in any event because she voluntarily paid her fine and court costs immediately after her trial. Although the record reflects that she did so, her appeal is not moot. Along with the fine and court costs, Bixby had two points imposed on her driving record. (Doc. # 30). "[T]he imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 2. Nevertheless, as explained above, the trial court properly dismissed Bixby's appeal from the Mayor's Court on the basis of untimeliness.

{¶ 8} The judgment of the Clark County Municipal Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Marc T. Ross
Lori A. Bixby
Hon. Thomas E. Trempe