[Cite as *State v. Allen*, 2019-Ohio-1253.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-60 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-557 |
| | : | |
| CLAYTON ALLEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Clayton Allen appeals from his conviction, on his guilty pleas, of aggravated trafficking, having weapons while under disability, and illegal conveyance. Counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This filing triggered our independent review to determine whether non-frivolous appellate issues exist. This review has not revealed any non-frivolous issues. Accordingly, the trial court's judgment will be affirmed.

### Facts and Procedural History

{¶ 2} Appellant, Clayton Allen, was indicted on five counts as follows: aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2); aggravated possession of drugs in violation of R.C. 2925.11(A); aggravated possession of drugs in violation of R.C. 2925.11(A); having weapons while under disability in violation of R.C. 2923.13(A)(3); and illegal conveyance of drugs of abuse onto the grounds of a correctional facility in violation of R.C. 2921.36(A)(2). The indictment also included a forfeiture specification. Allen ultimately pleaded guilty to Count 1 (aggravated trafficking), Count 4 (weapons under disability), and Count 5 (illegal conveyance), all third degree felonies. Allen additionally agreed to forfeit the property set forth in the forfeiture specification. The possession counts were dismissed. The trial court ordered the completion of a presentence investigation report (PSI), and a sentencing hearing was scheduled.

{¶ 3} The trial court sentenced Allen to 24 months of imprisonment on each count. The trial court further ordered that Counts 1 and 5 be served concurrently but that Count

4 be served consecutively, resulting in a 48 month prison term. The trial court, consistent with the parties' agreement, ordered the forfeiture of the property included in the forfeiture specification. This appeal follows. Appellate counsel was appointed to represent Allen.

{¶ 4} Counsel filed an *Anders* brief indicating he could find no non-frivolous issues for appellate review. By separate motion, counsel has requested leave to withdraw as Allen's counsel. We informed Allen of the filing of the *Anders* brief and advised him of his right to file a pro se brief within 60 days of the *Anders* notice. Allen has not filed a brief.

### *Anders* Standard

{¶ 5} An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

### *Anders* Review

{¶ 6} Counsel, consistent with his duties under *Anders*, suggests as possible

assignments of error that the trial court's imposition of a consecutive sentence was contrary to law and that trial counsel rendered ineffective assistance. Counsel concluded, however, that an argument concerning either issue would be wholly frivolous. Based upon our independent review, we agree.

{¶ 7} Although there is a presumption favoring concurrent sentences, a trial court may impose consecutive service if it makes the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporates these findings into the sentencing entry. A trial court, however, has no obligation to articulate its reasoning regarding the consecutive findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Counsel points out that the trial court's consecutive findings were not as precise as they might have been. Nonetheless, all the required findings were made. The trial court, as required by R.C. 2929.14(C)(4), made the necessary initial findings that consecutive service was necessary to protect the public from future crime or to punish the offender and that consecutive service was not disproportionate to the seriousness of Allen's conduct and the danger he posed to the public. The trial court, as mandated by R.C. 2929.14(C)(4)(c), made the required additional finding that, based upon Allen's criminal history, consecutive service was necessary to protect the public from future crime. These findings were sufficient for the imposition of a consecutive sentence. The trial court also found, under R.C. 2929.14(C)(4)(a), that Allen committed multiple offenses while awaiting trial or sentencing, but, as pointed out by counsel, this finding was not supported by the record. However, exclusion of this finding was not fatal to the imposition of consecutive service because, as noted, the required R.C. 2929.14(C)(4) preliminary findings were made and the trial court, as mandated by R.C. 2929.14(C)(4)(c),

determined that Allen's criminal history made the imposition of consecutive sentences necessary to protect the public. Additionally, the court's findings on this issue were incorporated into the sentencing entry. Thus, we agree with counsel that any argument that the R.C. 2929.14(C)(4) consecutive service findings were not adequately made would be frivolous.

{¶ 8} Also, though not directly raised by counsel, any argument that we could find by clear and convincing evidence that the record does not support the consecutive service findings would be without arguable merit. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *see also* R.C. 2953.08(G). The record reflects that Allen admitted to the use of and trafficking in methamphetamine. Further, during the search of Allen's home, a number of firearms were discovered. These facts supported the trial court's public protection, punishment, proportionality, and seriousness findings. Allen's criminal record spanned over 20 years; in addition to the present offenses, he committed previous felony drug possession offenses and numerous misdemeanor convictions, which included the violent offenses of assault and menacing. This history supports the trial court's criminal history conclusion.

{¶ 9} Counsel also suggested ineffective assistance of counsel as a possible meritorious appellate argument. The basis for this suggestion was trial counsel's failure to file a motion seeking to suppress the drugs and firearms supporting the indicted charges.

{¶ 10} A defendant's guilty plea acts as a waiver of all error, including a claim of ineffective assistance of counsel, "except to the extent that [any error] precluded the defendant from knowingly, intelligently, and voluntarily entering his * * * guilty plea."

*State v. Rozell*, 2018-Ohio-1722, 111 N.E. 3d 861, ¶ 40 (2d Dist.), quoting *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13. Therefore, a defendant, in order to establish ineffective assistance of counsel within the context of a guilty plea, must establish that counsel's advice regarding the guilty plea was outside the "range of competence demanded of attorneys in criminal cases[,]" and that there was a reasonable probability "that if he had been adequately advised he would not have pleaded guilty * * * ." *Id.* at ¶ 40, quoting *State v. Huddleston*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9. On this record, under this standard, counsel's suggested claim of ineffective assistance of counsel would be frivolous.

{¶ 11} In addition, we have reviewed the entire record including the plea and sentencing transcripts, the plea and sentencing entries, and the PSI. This review has not revealed any potentially meritorious appellate issues.

## Conclusion

{¶ 12} We have found no non-frivolous issues for appellate review. Counsel's motion to withdraw is granted, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Andrew P. Pickering
Brent E. Rambo
Clayton Allen
Hon. Richard J. O'Neill