**[Cite as *State v. Wright*, 2020-Ohio-214.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28469 |
| | : | 28470 |
| v. | : | 28471 |
| | : | |
| JAMES E. WRIGHT | : | Trial Court Case Nos. 2018-CR-4706 |
| | : | 2019-CR-1195 |
| Defendant-Appellant | : | 2019-CR-837 |
| | : | |
| | | (Criminal Appeal from |
| | | Common Pleas Court) |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} James Wright was convicted on his guilty pleas in three cases in the

Montgomery County Court of Common Pleas on June 26, 2019. In Case No. 2018 CR 4706, he was convicted on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5), a felony of the third degree; in Case No. 2019 CR 1195, he was convicted on one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree; and in Case No. 2019 CR 0837, he was convicted on one count of assault, in violation of R.C. 2903.13(A) (peace officer), a felony of the fourth degree. The trial court sentenced Wright to 30 months for failure to comply and to 18 months each for receiving stolen property and assault; the court ordered that the 30-month sentence run consecutively to the other sentences, which ran concurrently to each other, for an aggregate sentence of 48 months. Wright stipulated to restitution in the amount of $1,168.56 to the victim, U-Haul, in Case No. 2019 CR 1195.

{¶ 2} Wright's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious issues for appeal. Specifically, counsel asserts that he has considered the following issues: "1) the trial court's advisements [at the plea hearing], 2) the recitation of the facts upon which the State would have relied * * * to obtain a conviction, 3) the trial court's imposition of sentences aggregating to the maximum of the stipulated range, and [4]) the trial court's advisement with respect to post-release control. Appellant counsel concludes that none of these issues might arguably support an appeal."

{¶ 3} This Court gave Wright 60 days to file a pro se brief assigning any errors for our review. None has been received.

{¶ 4} As this Court has previously noted:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

**{¶ 5}** We have thoroughly reviewed the entire record, including the plea and sentencing transcripts, the plea forms, and the presentence investigation report. This review has not revealed any potentially meritorious appellate issues, including those raised by appellate counsel. Having fulfilled our duty pursuant to *Anders*, Wright's conviction is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Carl Bryan
James E. Wright
Hon. Mary Katherine Huffman