[Cite as *State v. Daum*, 2020-Ohio-949.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-29 |
| | : | |
| JESSICA RENEE DAUM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of March, 2020.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JEFFREY R. MCQUISTON, Atty. Reg. No. 0027605, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Jessica Renee Daum appeals from the trial court's August 16, 2019 judgment entry of conviction, issued following her guilty plea to one count of burglary in violation of R.C. 2911.12(A)(2)(D), a felony of the second degree. Daum was sentenced to eight years in prison. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no potentially meritorious issues to present on appeal.

{¶ 2} Daum was indicted on February 4, 2019. In addition to burglary, Daum was charged with possessing criminal tools and petty theft; she pled not guilty. On March 1, 2019, the court stated in a journal entry that Daum had admitted to violating bond by failing to appear at her pretrial services appointments on February 25 and 26, 2019.

{¶ 3} On March 29, 2019, Daum filed a motion for a competency and sanity evaluation. On April 2, 2019, the court issued a capias and a notification of alleged bond violations; the entry stated that Daum had failed to appear for a pretrial services appointment on March 6, 2019, and for the April 2, 2019 final pretrial hearing, and that defense counsel did not know her whereabouts. On April 9, 2019, the court postponed the jury trial date due to Daum's outstanding capias.

{¶ 4} On April 15, 2019, the State moved the court for forfeiture of bond; the court granted the motion on April 18, 2019. On May 7, 2019, the court scheduled a status hearing and a hearing on forfeiture of the bond. The entry stated that Daum had been apprehended and was being held in the Tri-County Regional Jail. On May 9, 2019, the court found bond violations and ordered competency and not guilty by reason of insanity evaluations.

{¶ 5} On June 14, 2019, the court found Daum competent to stand trial. On the

same date, Daum filed a waiver of speedy trial.

{¶ 6} A final pretrial conference was held on July 15, 2019. Daum withdrew her not guilty pleas and entered her guilty plea the same day. The prosecutor advised the court that, in exchange for Daum's guilty plea to the burglary, the State would dismiss the remaining counts and recommend a prison term of no more than five years. At the hearing, Daum expressed confidence in defense counsel. The court explained the maximum prison term of eight years and the maximum fine of $15,000, and that there was a rebuttable presumption for prison time. The court advised Daum, "I haven't told anyone what I will do regarding sentencing." The court explained post-release control. Daum indicated that she understood the nature of the charge against her, that her plea of guilty was a complete admission of her guilt, and that the court could proceed to sentencing immediately. The court advised Daum of the constitutional rights she would waive by pleading guilty. She indicated that she had no defense to the charge of burglary.

{¶ 7} In response to a question by the court, the prosecutor recited the following facts:

> The Defendant was found inside the residence on January 8 wearing multiple items of clothing belonging to the husband and wife who resided at that house. The Defendant had been eating food from the house that was found in a kitchen in a bowl. There was bottles of liquor that had been drunk by the Defendant that had not previously been opened by the owners. In the pockets of the jackets that the Defendant was wearing were prescription pill bottles belonging to the wife of the homeowner. As well as

jewelry belonging to the wife and the husband.

{¶ 8} After Daum executed the plea form, she indicated that she wanted the court to accept her voluntary plea, and the court did so. The court ordered a presentence investigation report.

{¶ 9} Sentencing occurred on August 16, 2019. The court noted that the presentence investigation report revealed "an extensive substance abuse history" for which Daum had failed to seek treatment. The court observed that Daum's criminal history not only demonstrated "offenses against herself, but this is now the second incident on a felony level where her drug use has involved a third party."[1] The court indicated that it considered the factors in R.C. 2929.11 and 2929.12. It was significant to the court that the victims suffered serious psychological harm due to finding Daum in their home and due to the extensive damage Daum caused there, including gaining entry by means of hedge clippers. The court considered Daum's personal history of being a victim of sexual abuse, introduction to drugs at an early age, and mental health challenges. The court noted that Daum showed no genuine remorse based upon her conduct while out on bond. The court considered that Daum's "criminal history evidences probation violations and a failure to complete treatment at both the Municipal Court level and at the DRC Transitional Control level." The court advised Daum that she was subject to mandatory post-release control for three years. The court imposed an eight-year sentence, which was within the statutory range for a felony of the second degree. R.C. 2929.14(A)(2)(b). The court did not impose court costs or a fine, and

---

[1] Daum's PSI reflected that she was convicted in Shelby County C.P. No. 2010 CR 6 for corrupting another with drugs, a felony of the third degree. She was sentenced to two years in prison.

restitution was not requested.

{¶ 10}   In the appellate brief, after a detailed "Statement of the Case," counsel for Daum asserts:

> After a careful review of the transcripts of the plea hearing and sentencing hearing as well as the Plea of Guilty Agreement and Entry and the Journal Entry of Judgment, Conviction and Sentence, counsel is unable to identify any errors committed by the trial court and determines that any argument to be made on the Defendant's behalf would necessarily be frivolous.

{¶ 11}   On December 6, 2019, pursuant to *Anders v. California,* this Court gave Daum 60 days to file a pro se brief assigning any errors for our review.   None has been received.

{¶ 12} As this Court has previously noted:

> An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous."   *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).   An issue is not frivolous based upon a conclusion that the State has a strong responsive argument.   *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.   A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal."   *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.   If we find that any

issue is not wholly frivolous, we must reject the *Anders* brief and appoint
new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

**{¶ 13}** As noted above, counsel for Daum asserts no potential assignments of error.   We have reviewed the entire record, including the plea and sentencing transcripts and the presentence investigation report.   This review has not revealed any potentially meritorious appellate issues.

**{¶ 14}** Having fulfilled our duty pursuant to *Anders*, the trial court's judgment is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Kevin S. Talebi
Jeffrey R. McQuiston
Jessica Renee Daum
Hon. Nick A. Selvaggio