[Cite as *State v. Thomas*, 2021-Ohio-329.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-44 |
| | : | |
| MATHEW BURTON THOMAS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 5th day of February, 2021.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 109, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Mathew Burton Thomas appeals from his conviction for one count of possession of a fentanyl-related compound, in violation of R.C. 2925.11(A)(C)(11)(a), a felony of the fifth degree. Thomas filed a timely notice of appeal on February 13, 2020.

**{¶ 2}** The record establishes that on February 4, 2019, Thomas was indicted for the following offenses: Count I, possession of a fentanyl-related compound; Count II, possession of drug abuse instruments; and Count III, illegal use or possession of drug paraphernalia. On April 2019, the trial court granted Thomas's motion for intervention in lieu of conviction (ILC) and accepted his guilty plea to Count I, possession of a fentanyl-related compound. The trial court dismissed the remaining counts with prejudice. On May 8, 2019, the trial court journalized its judgment placing Thomas on three years of ILC.

**{¶ 3}** On December 18, 2019, Thomas made his first appearance regarding the following violations of his ILC requirements:

1a. December 4, 2019 - Stealing alcoholic beverages from Steve's Market in Urbana, Ohio

1b. December 5, 2019 - Stealing alcoholic beverages from Steve's Market in Urbana, Ohio

2a. December 6, 2019 – positive urine test for cocaine

2b. December 6, 2019 – positive urine test for fentanyl

2c. December 6, 2019 – attempted to alter or submit a fraudulent urine screen

**{¶ 4}** On December 30, 2019, Thomas admitted to the above violations at a

hearing before the trial court. During the hearing, Thomas was informed of the following additional violations of his ILC requirements:

2d. December 20, 2019 – positive urine test for cocaine

2e. December 20, 2019 – positive urine test for fentanyl

Thomas admitted to the two additional violations at a hearing before the trial court on January 15, 2020.

{¶ 5} After Thomas admitted to the two additional violations, the trial court found him guilty of the drug possession offense and sentenced him to community control sanctions. At that point, the State requested that Thomas spend a portion of his community control sanctions at the West Central Community Based Correctional Facility (CBCF) residential program. Thomas opposed the State's request, stating that he preferred to participate in an intensive outpatient program conducted by the Veteran's Administration. Ultimately, the trial court terminated Thomas from ILC and sentenced him to five years of community control, including participation in the West Central CBCF residential program.

{¶ 6} On appeal, appointed counsel for Thomas has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious issues to present on appeal. Counsel asserts one potentially meritorious issue. On September 25, 2020, this Court gave Thomas 60 days in which to file a pro se brief assigning any errors for our review. No pro se brief has been received.

{¶ 7} As this Court has previously noted:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal

is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed. 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the Anders brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 8} Appointed counsel's single potentially meritorious assignment of error is as follows:

THAT (sic) THE COURT IMPROPERLY IMPOSED THAT THE DEFENDANT BE TRANSPORTED TO SERVE TIME IN A RESIDENTIAL FACILITY.

{¶ 9} This Court has previously stated:

"The trial court has full discretion to impose any sentence within the authorized statutory range." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v.*

*Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 10} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 12} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim

induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 13} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 14} Thomas's sentence is not contrary to law. *See* R.C. 2929.14(A)(5). The trial court made all the required findings at the sentencing hearing, and those findings were incorporated into the judgment entry of conviction. Here, pursuant to R.C. 2929.16(A)(1), the trial court had the discretion to impose "a term of up to six months at a community-based correctional facility that serves the county," namely the West Central Community Based Correctional Facility residential program. The trial court also noted at sentencing that it had considered Thomas's presentence investigation report (PSI), his military service record, statements of counsel and of Thomas, and the court's interaction with Thomas.[1] Given Thomas's criminal history and failure to comply with his ILC

---

[1] Thomas's PSI indicated that he served in the United States Air Force from 1993 through

requirements, the trial court did not err when it imposed community control sanctions with a requirement to complete a CBCF program.

{¶ 15} Having conducted our independent review of the entire record pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we find no arguably meritorious issues and conclude that this appeal is wholly frivolous. In the absence a claim of error having arguable merit, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and HALL, J., concur.


Copies sent to:

Kevin Talebi
Adam James Stout
Mathew Burton Thomas
Hon. Nick A. Selvaggio

---

1997.   Thomas also served in the USAF Reserves from 2002 through 2004.