[Cite as *State v. VanWinkle*, 2021-Ohio-3849.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-66 |
| | : | |
| BENJIE VANWINKLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of October, 2021.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Courthouse, Ohio 43160
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Benjie VanWinkle appeals from a judgment of the Miami County Court of Common Pleas, which overruled his "Motion to Withdraw Plea and Vacate Sentence." On February 11, 2021, VanWinkle filed a motion for leave to file a delayed appeal, which we sustained in part and overruled in part in an entry issued on April 12, 2021.

{¶ 2} We set forth the history of the case in *State v. VanWinkle*, 2d Dist. Miami No. 2016-CA-25, 2017-Ohio-7642, and repeat it herein in pertinent part:

> On March 14, 2016, VanWinkle was indicted for thirteen counts of rape involving three minor victims. At his arraignment on March 17, 2016, VanWinkle pled not guilty to all of the counts in the indictment, and the trial court set his bond at $750,000.00.

> Shortly thereafter on April 12, 2016, VanWinkle filed a waiver of his right to speedy trial. On August 3, 2016, VanWinkle pled guilty to Count I, Count II, and Count XIII in his indictment. In return for VanWinkle's guilty pleas, the State agreed to dismiss all of the remaining counts in the indictment (Counts III–XII). The trial court accepted VanWinkle's guilty pleas and sentenced him to a mandatory ten years to life in prison on each count. The trial court ordered that Counts I and II be served concurrently, but further ordered those sentence to run consecutive to Count XIII, for an aggregate sentence of twenty years to life in prison.

*Id.* at ¶ 2-3.

{¶ 3} VanWinkle appealed, and we affirmed the judgment of the trial court, holding

that the trial court made appropriate findings at sentencing hearing regarding the imposition of consecutive sentences, but did not include those findings in the termination entry. We also held that while the trial court's sentence was not contrary to law, it was required to incorporate the findings regarding consecutive sentences into its judgment entry by issuing a nunc pro tunc entry. Therefore, we remanded the matter for an entry incorporating the trial court's findings that were made at the sentencing hearing with respect to the imposition of consecutive sentences, including R.C. 2929.14(C)(4)(b) but not R.C. 2929.14(C)(4)(c). *Id.* at ¶ 24-25.

{¶ 4} On September 28, 2020, VanWinkle filed a motion to withdraw his pleas and vacate his sentence. In his motion to withdraw, VanWinkle argued that he received ineffective assistance of counsel and that the trial court failed to comply with Crim.R. 11 at his plea hearing. On December 23, 2020, the trial court issued a decision overruling VanWinkle's motion to withdraw his guilty pleas for the following reasons: 1) the motion to withdraw was untimely as it was filed approximately four years after his conviction; 2) res judicata barred his argument as it related to a violation of Crim.R. 11; and 3) VanWinkle's ineffective assistance claim should have been properly raised in a petition for post-conviction relief pursuant to R.C. 2953.21, because he raised matters outside the record, and he failed to submit any evidence to support his claim. Additionally, had VanWinkle filed a petition for post-conviction relief, it would have overruled it as untimely because he failed to file the petition within 365 days of the filing of the transcript on appeal. R.C. 2953.21(A)(2).

{¶ 5} It is from this judgment that VanWinkle now appeals.

{¶ 6} On July 14, 2021, appointed appellate counsel for VanWinkle filed a brief

pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no potentially meritorious issues to present on appeal. Counsel asserts a few potentially meritorious issues. On July 19, 2021, this Court gave VanWinkle 60 days to file a pro se brief assigning any errors for our review. VanWinkle filed a brief on his own behalf on August 5, 2021, in which he sets forth a sole assignment of error.

{¶ 7} As this Court has previously noted:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed. 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 8} Appointed counsel's first potentially meritorious assignment of error is as follows:

DEFENDANT-APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY,

AND VOLUNTARILY PLEAD GUILTY IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶ 9} In his first assignment, VanWinkle contends that the trial court erred when it overruled his motion to withdraw his guilty pleas because his guilty pleas were not entered in a knowing, intelligent, and voluntary manner.

{¶ 10} "We review a trial court's decision on a post-sentence motion to withdraw guilty plea * * * for an abuse of discretion. * * *." *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11. "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable." *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 11} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." As this Court has previously noted:

> * * * The manifest injustice standard demands a showing of extraordinary circumstances. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Further, the defendant has the burden to prove the existence of manifest injustice. *Id.*
>
> The term injustice is defined as "the withholding or denial of justice.

In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. *Doe v. Trumbull Cty. Children's Services Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1.

*State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999).

### Timeliness of Motion to Withdraw

{¶ 12} The record establishes that VanWinkle entered his pleas on August 3, 2016, and he was sentenced on September 6, 2016. VanWinkle did not raise any claim regarding his guilty pleas in his direct appeal. Additionally, VanWinkle did not file the motion to withdraw his guilty pleas until September 28, 2020, more than four years after he was convicted and sentenced.

{¶ 13} We recently stated the following in *State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344:

* * * "Although Crim.R. 32.1 does not contain a time limit for filing a post-sentence motion to withdraw a plea, a trial court may take into consideration the passage of time between the entry of the plea and a defendant's attempt to withdraw it." (Citations omitted.) *Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733 at ¶ 9. "[A]n undue delay between the occurrence of the alleged cause of a withdrawal of [the] plea and the filing of a Crim.R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431, ¶ 7, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324. Here, Nawman has failed to provide any explanation for the delay in filing his motion, which further supports the trial court's decision to overrule it.

*Id*. at ¶ 16.

{¶ 14} Here, VanWinkle's delay of over four years in filing his motion to withdraw his guilty pleas arguably would unfairly prejudice the State in a rape case where the testimony and memory of more than one child victim was at issue. Furthermore, VanWinkle "failed to provide any explanation for the delay in filing his motion, which further supports the trial court's decision to overrule it." *Id.* Accordingly, the trial court reasonably found that the four-year delay in VanWinkle's filing a motion to withdraw his guilty pleas was unreasonable. The trial court did not err when it overruled the motion on that basis.

### Res Judicata

{¶ 15} As previously stated, VanWinkle failed to raise any issue in regard to his

guilty pleas or Crim.R. 11 in his direct appeal.

{¶ 16} "Under the doctrine of res judicata, '[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " *State v. Ulery*, 2d Dist. Clark No. 2010-CA-89, 2011-Ohio-4549, ¶ 12, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph three of the syllabus. Applied in the current context, " 'claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata.' " *Id*. at ¶ 10, quoting *State v. Madrigal*, 6th Dist. Lucas Nos. L-10-1142, L-10-1143, 2011-Ohio-798, ¶ 16; *accord State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal"). VanWinkle did not raise any claim regarding his guilty pleas in his direct appeal. Accordingly, he is precluded from raising the above argument on appeal from the trial court's denial of his motion to withdraw his guilty pleas.

{¶ 17} Having thoroughly reviewed the entire record, we conclude that this potential assignment of error is wholly frivolous.

{¶ 18} Because they are interrelated, appointed counsel's second potentially meritorious assignment of error and VanWinkle's sole assignment of error will be discussed together. The potential assignment is framed by counsel as follows:

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE DURING

TRIAL IN VIOLATION OF [VANWINKLE]'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 19} VanWinkle argues that he received ineffective assistance of counsel because: 1) trial counsel failed to examine the agreement made between the trial court and the prosecutor; 2) trial counsel failed to inform VanWinkle that the plea agreement had been altered without his knowledge; 3) trial counsel was not present while VanWinkle was questioned by detectives, after being requested; and 4) trial counsel failed to object to the trial court, prosecutor, or the victim's advocate in order to preserve certain arguments for the purposes of VanWinkle's direct appeal.

{¶ 20} Both appointed counsel and VanWinkle claim ineffective assistance under Crim.R. 32. However, their arguments raise issues that occurred outside the record and that should have properly been raised in a petition for post-conviction relief pursuant to R.C. 2953.21.

{¶ 21} Post-conviction relief is governed by R.C. 2953.21. The statute provides, in pertinent part, that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other

appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶ 22} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 23} Had VanWinkle's motion to withdraw his guilty pleas been properly filed as a petition for post-conviction relief, it would have been overruled as untimely because it was not filed within 365 days after the trial transcript was filed with this court in VanWinkle's direct appeal. *See* R.C. 2953.21(A)(2). In addition, none of the statutory exceptions for filing untimely petitions applied here. *See* R.C. 2953.23(A).

{¶ 24} Furthermore, a trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51. Here, VanWinkle failed to submit *any* evidence at all to support his claims that he received ineffective assistance of counsel in relation to his decision to plead guilty to three counts of rape. Therefore, the trial court did not err when it overruled his motion to withdraw his guilty pleas as it related to VanWinkle's claims of ineffective assistance of counsel.

**{¶ 25}** For the foregoing reasons, we conclude that counsel's second potential assignment of error and the argument raised in VanWinkle's brief are wholly frivolous.

**{¶ 26}** Having fulfilled our responsibilities pursuant to *Anders*, and since VanWinkle's appeal lacks any arguable merit, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Paul M. Watkins
Steven H. Eckstein
Benjie VanWinkle
Hon. Jeannine N. Pratt