**[Cite as *State v. Ruble*, 2022-Ohio-2425.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-182 |
| | : | |
| JARED S. RUBLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Jared S. Ruble appeals his conviction for one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Ruble's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court advised Ruble that appellate counsel had filed an *Anders* brief and granted him 60 days to file a pro se brief assigning any errors for review by this court. No pro se brief has been received.[1] Having conducted a thorough review of the record for potentially meritorious issues, and having found none, we hereby affirm the judgment of the trial court.

## Procedural History

{¶ 2} On March 13, 2020, Ruble was indicted for one count of aggravated possession of drugs and one count of counterfeiting. At his arraignment on September 18, 2020, Ruble pled not guilty and was released on his own recognizance.

{¶ 3} On April 1, 2021, Ruble pled guilty to one count of aggravated possession of drugs in exchange for the dismissal of the counterfeiting charge. The State also recommended the imposition of community control sanctions with a mental health evaluation. On August 12, 2021, the trial court sentenced Ruble to basic probation supervision for five years, including six months in jail with no good time credit. On August

---

[1] On June 13, 2022, the State filed a motion to dismiss Ruble's appeal because he did not file a pro se brief after his appointed appellate counsel filed an *Anders* brief. However, Ruble was not required to file a pro se brief under these circumstances; the decision of an appellant as to whether to file a pro se brief is discretionary and not mandatory. Furthermore, when appointed counsel files an *Anders* brief, it is the duty of this Court to conduct an independent review of the record in order to determine whether any potentially meritorious issues exist, regardless of whether the appellant has filed a pro se brief. *See State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5. Accordingly, the State's motion to dismiss is not well taken.

31, 2021, Ruble was administratively terminated from probation.

## Analysis

{¶ 4} We review an *Anders* appeal as follows:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed. 493; *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 5} Ruble's appellate counsel asserts that she thoroughly examined the record in this case, researched applicable law, and found no meritorious issues upon which to base an appeal. However, she asserts one potential assignment of error:

IS APPELLANT'S SENTENCE OF BASIC PROBATION SUPERVISION WITH A SANCTION OF SIX MONTHS IN JAIL CONTRARY TO LAW?

{¶ 6} Ruble's potentially meritorious assignment of error relates to the trial court's

imposition of basic probation supervision, including a six-month term of local incarceration. This raises the issue of mootness.

{¶ 7} An appeal which challenges a felony conviction is not moot even if a stay was not requested and the sentence has been served. *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. This is so because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *Id.*

{¶ 8} The analysis is different, however, when the appeal relates not to a defendant's felony conviction but, instead, to an already-served sentence. The mootness doctrine arises from the long-established premise that "it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). As such, courts should not decide "purely academic or abstract questions." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

{¶ 9} An appeal attacking an already-served felony sentence is moot when there is no indication that the sentence, as opposed to the conviction, will cause the defendant to suffer some collateral disability or loss of civil rights. *State v. Wilson*, 41 Ohio St.2d 236, 238, 325 N.E.2d 236 (1975); *State v. Muwwakkil*, 2d Dist. Clark No. 2018-CA-37, 2018-Ohio-4443, ¶ 7, quoting *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. "A collateral disability is an adverse legal consequence of a conviction

or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.* at ¶ 10. "For example, a person may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *Id.*

**{¶ 10}** As previously stated, the trial court administratively terminated Ruble from probation on August 31, 2021, and it is undisputed that he has completed his six-month jail sentence. Because Ruble has been released from prison and is no longer on probation, there is no remedy we can provide him, and his appeal must be dismissed as moot. Furthermore, our independent review of the record, pursuant to *Anders*, discloses no meritorious issues upon which to base an appeal.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Megan A. Hammond
Kirsten Knight
Jared S. Ruble
Hon. Aldolfo A. Tornichio